IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Johnson, Jr., ) | |
| ) | No. 1:15-cv-02901-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Timohty M. Woga, Stephanie ) | |
| Smart-Gittings, LaNelle Durant, Robert M. ) | |
| Pachak, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 8), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has filed objections to the R & R. (Dkt. No. 13). For the reasons stated below, the Court the adopts the R & R and dismisses this action without prejudice.

## I. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28

1

U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, to the extent Plaintiff fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 F. App'x 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

**B. Summary Dismissal**

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. Discussion

Plaintiff alleges that his PCR counsel, Defendant Wogan, his criminal trial counsel, Defendant Smart-Gittings, and his appellate counsel, Defendants Durant and Pachack, were all inadequate. The Court agrees with the Magistrate Judge that it lacks jurisdiction over Plaintiff's claims. To the extent Plaintiff alleges state causes of action for malpractice, there is no complete

2

diversity of the parties, and the Court lacks diversity jurisdiction. To the extent that Plaintiff attempts to allege Section 1983 claims, it is well-settled that an attorney does not act under color of state law when performing traditional functions as counsel, even if he is a county employee. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[W]e decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."); *Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994) (noting that while state employment is generally sufficient to render the defendant a state actor, that is not true in the case of a public defender). Therefore, Plaintiff cannot state a Section 1983 cause of action against Defendants, and dismissal is appropriate for lack of subject matter jurisdiction.

### III. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 8) as an order of this Court. Accordingly, this case is **DISMISSED** without prejudice and without issuance of service.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

September 8, 2015
Charleston, South Carolina